1
2
3
4
5

Ken Driessen (pro Se)
P.O. Box 220
Atlantic Mine MI 49905
kendriessen@hotmail.com
715-558-8442

FILED/REC'D

2023 JAN 19  A 11: 44

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

6

## IN THE U.S. DISTRICT COURT

7

## WESTERN DISTRICT OF WISCONSIN

8
9
10

KENNETH LEROY DRIESSEN
          Plaintiff,
     v.

Case No.:

**23  CV  045  JDP**

11
12
13
14
15
16
17
18
19

          Defendants:
ANTHONY A. VABALAITUS,

NICKOLAS A. PHILLIPS,

SAWYER COUNTY SHERIFF'S
DEPARTMENT,

SAWYER COUNTY RECORD,

SEELEY SAWMILL SALOON.

**COMPLAINT FOR
EQUITABLE DAMAGES,
PUNITIVE DAMAGES and
INJUNCTIVE RELIEF.**

**42 U.S. Code § 1983
Deprivation of Rights**

**28 U.S. Code § 4101
Defamation**

**Demand for a Jury Trial**

20
21

## COMPLAINT

22

## 1. PARTIES TO THIS COMPLAINT

23
24
25
26
27
28

Plaintiff:

Kenneth(Ken) Leroy Driessen
P. O. Box 220
Atlantic Mine MI 49905
715-558-8442
kendriessen@hotmail.com

1  Defendants:

2  Anthony A. Vabalaitas
3  15535 Metcalf Rd.
4  Hayward WI 54843
   715-296-3616
5

6  Nickolas A. Phillips
   13696 W Lenroot Ln
7  Hayward 54843
8  (criminal complaint Exhibit 6 attached states that the
   Sawyer County Sheriff's Department has
9  Mr. Phillip's phone number in their computer system)

10 Sawyer County Sheriff''s Department
11 15880 E. 5th St.  (physical address)
   Hayward WI 54843
12 PO Box 567  (mailing address)
13 Hayward WI 54843
   715-634-4858
14

15 Sawyer County Record
16 15464 Co Hwy B
   Hayward, WI 54843
17 715-634-4881
18 Owned by:
   APG Media of Wisconsin
19 Adams Publishing Group
20 4095 Coon Rapids Blvd.,
   Minneapolis, MN 55433
21 423-359-3113
22

23 Seeley Sawmill Saloon
   13505 US Hwy 63
24 Hayward, WI 54843
25 715-634-5660

26 **JURISDICTION AND VENUE**

27
28 2. This Court has jurisdiction over the subject matter and parties pursuant to 28

2

U.S.C. § 1331, as this case involves questions as to the application federal law

pertaining to civil rights. This Court also has jurisdiction pursuant to 28 U.S.C. §

1343 because Plaintiff seeks relief from injuries, damages and violation of his civil

rights pertaining to 42 U.S. Code § 1985(3) - Conspiracy to interfere with civil

rights. This Court has supplemental jurisdiction over the related state law claims

pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or

controversy under Article III of the United States Constitution.  The federal court

has jurisdiction because the Defendant's actions have caused the Plaintiff to

believe his life is in danger and fears for his life. Plaintiff fears violent retaliation

from both of the assailants as well as violent or legal retaliation from law

enforcement agents of Sawyer County as a vindictive spiteful response to the

Plaintiff's filing of this complaint against their violent assault and character

assassination of his person.  These realistic fears have caused the Plaintiff to move

to another state living outside of Wisconsin during the proceedings not residing in

Wisconsin or Defendants knowing his whereabouts if he visits family or has

personal business in Sawyer County Wisconsin up until his presence would be

necessary at a trial or hearing he would be required to attend. Therefore 28 U.S.

Code § 1332 (a)(1) citizens of different States, diversity pleadings; implies federal

jurisdiction.  The alleged violent crime, defamation of his character being

3

violations of the Plaintiff's civil rights happened within the Western District of

Wisconsin, this court is proper in jurisdiction and venue.

## STATEMENT OF CLAIM

## FACTS

3. I, Plaintiff, Mr. Kenneth Leroy Driessen, being a 65 year old male at the time

of the assault, born 10-19-1956, without any earlier interaction with them that

night, not even previously knowing or having any interaction with assailant

Nickolas Phillips, was physically assaulted on February 26th, 2022 by Defendant

Anthony A. Vabalaitus, approximately 53 years old, birthday unknown, and

Defendant Nickolas A. Phillips 42 year old 07/13/1980. Within 4 seconds of

Anthony A. Vabalaitus entering the room I was in, moving toward me, with a

mean violent mannerism, lying, stating, "What did you say to me?", when in fact I

did not speak to him at all that evening prior to him saying that to me. I did say,

"nothing ass hole", under my breath, simultaneously to turning and moving away

to try and avoid him and was then blocked from leaving by a person later

determined to be Nickolas A. Phillips. My injuries, my glasses not being broke

(Exhibit 5), the fact I remember my arms being in front of my abdomen, in a

defensive position, that would have blocked any punch to my ribs at that time;

(Exhibit 4) showing no marks or injuries to my hands or arms, indicates my ribs

were broken after I was struck in the back of my head from behind; undoubtedly

by Anthony Vabalaitus. I believe this knock was so hard from behind that I do not

remember what happened from then on, until some time later when the ambulance

and police met me at the rear door.   Anthony A. Vabalaitus and Nickolas A.

Phillips caused great bodily harm to me, referred to as "substantial battery" in the

Sheriff's report.  Injuries include being knocked unconscious, suffered a cut to my

left eyelid, a broken nose, broken teeth, broken ribs, a partially collapsed lung and

a large scabbed over bruise to the back left side of my head. According to what

Witness Number 2 told me, if that witness did not act to get them off of me while

they were still hitting me when I was knocked unconscious, unable to defend

myself, there is a good chance I would have been murdered that evening a short

time before 9:49 pm.  Also, Witness Number 1 did inform me that they saw two

people on top of me during the assault contradicting the sheriff's report of the

incident.

    4.   My behavior at the time the two Sawyer County Sheriff's

Deputy's, Amber O'Shea Dorn and Ryan Schick arrived at the February 26th

incident, even by the wording of Deputy Amber O'Shea Dorn's (A.O.D.) incident

report, illustrates the fact that I was still in a state of shock and trauma from

recently being knocked unconscious when the deputies and ambulance personnel

began to speak with me. The reliability of AOD's report is questionable because

she stated that I had "lost consciousness briefly" without any knowledge of how

long I was unconscious earlier that night because she was not there and she did not state who told her this information minimizing my injuries to protect the assailants. Yet in the incident report, which became a criminal complaint against only one of the assailants, demonstrates the deputy's actions during their 'investigation', what the Deputy wrote and did, was just about everything in their power to protect the assailants from prosecution and ignore evidence of the unprovoked assault. Neither of the investigating Deputies, Deputy Amber O'shay Dorn (A.O.D.) nor Deputy Ryan Schick even sought out or met the Defendant Assailant's in person that night, let alone arrest them. Instead they wrote a report in the favor of the assailants, appearing to believe their story and only charging one of the two assailants with substantial battery.  The Deputy's report reads as if they purposely twisted my words around as to what I said that night and during their whole investigation to sound like incoherent lies on my part which is both a distortion and prejudicial, taking advantage of a senior citizen being incapacitated by the two younger would be assassins. According to the Criminal Complaint against Nickolas A. Phillips (Exhibit 6), filed by Deputy A.O.D, mostly based on what supposedly the two assailant's told her on the phone, claims that Nickolas A. Phillips alone inflicted all the injuries to me defending his friend Anthony A. Vabalaitus from me, which is false according to two witnesses whom I will not disclose at this time for fear they may be in danger of retaliation from the assailant's as well as law enforcement.

Instead of contacting Defendant's Mr. Vabalaitus and Mr. Phillips in person so deputies could see any marks on the assailant Defendant's hands from braking my teeth and causing all the other injuries or even if they were intoxicated; the investigating Deputy who wrote the complaint, found the Sawyer County Sheriff's Department had their phone numbers "in their computer system" and chose to call them on the phone. On top of that, the investigating Deputy neglected to seek out statements from neutral witnesses. The unnamed Sawyer County Dispatch person of the Sheriff's department on duty that night, or an unnamed superior also has refused to give the Assistant DA access to the phone number of the witness or witnesses that called 911 to hide the identity of a neutral witness and protect the assailant defendant's and now the Deputy them-self from the evidence of the Assailant/Defendant's heinous criminal acts and character assassination of the Plaintiff undertaken by all of the Defendants (see Exhibits 9 a and b).  Also, for no apparent reason other than harassment the Deputy choose to put the address of my whereabouts in their complaint against Nickolas A. Phillips knowing that both of the people who almost killed me would have my physical location where I was recovering from their unprovoked assault.

5. The local news paper Defendant Sawyer County Record defamed my character, libeled me, by printing my initials and accusing me of punching someone and printing the accusations of the assailants that will be proven false

1   with clear convincing evidence of their defamatory actions against me as printed in

2   the Court Report section of their Sawyer County Record news paper in the April 6th

3

4   2022 edition as documented in this complaint under Exhibit 7.  Hayward

5   Wisconsin as well as all of Sawyer County are in a rural area where local news and

6

7   happenings are talked about and people know one another, so many people knew

8   of the assault and know that "KD" plainly stands for me Plaintiff, Kenneth 'Ken'

9   L. Driessen printed under under "Substantial Battery", in their Circuit Court

10

11  section of their news paper titled the Sawyer County Record in their Wednesday

12  April 6th, 2022 edition. In fact after reading the article several people said this

13

14  unprovoked assault was all my own fault and I deserved being beaten up, because

15  I, Plaintiff 'KD', "had punched another 65 year old male in the face" and these

16

17  unnamed person's sentiments were later told to me by friends who heard such

18  conversation after reading what was written about me.  This is not only mean but

19  dangerous for people to know they can do violence against me and the police will

20

21  not even charge them and the newspaper will print their fallacy defense, which is

22  proven false by the evidence exhibited.

23      6. This following short narrative explains the negligent actions of the

24

25  Defendant Seeley Sawmill.  The Seeley Sawmill employees did not arrange to

26  drive or help arrange getting me to the emergency room when they were certainly

27  aware of the fact I had been knocked unconscious inside their establishment, nor

28

did they help with finding neutral witnesses of the assault, in fact making themselves as co-conspirators in the effort to protect the two people who almost killed me hitting me when I was unconscious.  Seeley Sawmill employees may have falsely stated that there was no surveillance recording of the incident, in fact they do have or destroyed video surveillance in some rooms from that night because I was told that they do in fact have a video surveillance system.  Witness 2 said they lifted me off the floor and helped me sit down in a booth in the main bar room where there certainly would have been surveillance video recordings from that February 26th, 2022 evening. Second hand information, suggests there is or was video evidence of the room where the assault occurred that February 26th. Also by the assailants own words they both left the building and most certainly walked through an area that had video surveillance and blood most likely would have been visible on them. So even if there was no video surveillance in the area the attempted assassination took place, there certainly were video recordings of the assailant Defendants in possession of the Seeley Sawmill establishment.  Also through heresay, it is my understanding that Nickolas A. Phillips may have been employed at the Seeley Sawmill Saloon previous to the incident or even the night of the incident, possibly making the establishment partially responsible for the assault occurring in their establishment.  The assailants were encouraged by their belief that their violence and lies could be turned into false alternate truth and

9

neither the owner(s) or employees would do anything to prevent them from

fabricating a false narrative.  Several people have also told the Plaintiff that the

Seeley Sawmill also let Defendant Nickolas A. Phillips back into their

establishment after he and his 'friend' Anthony A. Vabalaitus nearly killed me

inside their place of business. Up until being told they let Mr. Phillips back in, I

visited the Seeley Sawmill after the February 28, 2022 incident, in order to seek

out witnesses.  Before this incident, I would regularly be a patron at the Saw Mill

Saloon establishment and considered many people who were there my friends and

now I am reasonably rationally afraid to go there.

       7. The actions of the two assailants was reinforced as being reasonable and

not an egregious crime against me by the other Defendants, as can be determined

by their evident willingness repeat the assailant's story told to justify their criminal

actions being their heinous unprovoked violent life threatening assault of this

plaintiff, covering up and hiding evidence while taking the words of the assailants

as truth.  Defendants Anthony A. Vabalaitus and Nickolas A. Phillips. attacked the

me, the Plaintiff, with impunity. It is reasonable to consider the assailant's

relationship with the Sawyer County Sheriff's Department and a Sawyer County

Judge who, during the September 6, 2022 Status Conference hearing of Nickolas

Phillips case, gave verbal personal friendly recognition to Mr. Vabalaitus as he sat

next to his friend Mr. Phillips, in the courtroom public seating area; they knew they

10

could attack and almost kill someone in a crowed public place, could outright lie

and local law enforcement would favor them and provide cover for them whether

in fact they believed them or not. The Sawyer County Sheriff's Department saw it

fitting that one of their Deputy's would call the reported assailants on the phone

rather than arrest them for nothing less than attempted murder.  All Defendants are

responsible for dehumanizing the Plaintiff and assassinating his character

depriving the Plaintiff of Constitutional rights to equal justice under the law as well

as violating his right to freedom of speech and any additional civil rights violations

as described within the US Constitution and US Code passed into law by Act of

Congress, that may later be cited during proceedings of this case.

    8. Their combined behavior effectively precluded this Plaintiff's ability to

gather signatures to obtain 2022 ballot access; something that I was last able to

accomplish in 2018 (see Exhibit 10). Also the defendant's Anthony A. Vabalaitus

and Nickolas A. Phillips pose a present and ongoing danger to my life while their

false narrative is being supported by the rest of the Defendants, leading people to

believe I am evil and violent when I have no history of violent crime against

anybody.

    9. In 2018 I Plaintiff Driessen did in fact gather signatures and obtain ballot

access for Wisconsin 7th District Representative in the United States House of

Representatives. The COVID-19 pandemic prevented me from gathering a

sufficient number of signatures to be on the ballot in 2020. I Plaintiff Driessen did plan on gathering signatures and again run for Wisconsin 7th District Representative until I was assaulted on February 26th, 2022 which made the signature gathering physically impossible for me and my broken teeth appearance. Being able to gather the signatures necessary in 2018, agreeing to disagree with literally several thousand people in a conservative district and my desire to run for Representative again are a strong will and character assessment to the fact that violently attacking a veteran, as the assailant defendant's fabrication suggests, is not something I would do because it would be detrimental to my efforts to make my political views and will into a positive message to the state, the nation and the world.  Also the accusations of attacking a person perceived as being a veteran wounded in action, by the assailant, law enforcement and news paper Defendant's seriously defamed my character when in fact I myself had joined the US Navy, my father RIP was a Korean War veteran, my brother was in the US Army and my sister is a US Air Force veteran. While having been a member of Veteran's for Peace I am against war but we are not against veterans in any way and I have taken part in raising money and distributing services to Veterans at the Veteran's Medical Center in Tomah Wisconsin. Exhibit 11 is my VFP membership card and I do have a copy of my DD 214. This is important to the complaint because the only possible motive behind the assault in my mind is Defendant Anthony

Vabalaitus saying I called him a "baby killer" because he is a US military veteran which is something he must have dreamed up because nothing could be further from the truth. While Mr. Vabalaitus may have hated me for other political reasons, he made up a fake untrue characterization of this Plaintiff to self justify his hate and use lethal life threatening force against me with his friend and almost kill me, lowering my quality of life and human potential, suffering so much pain during the physical recovery process, to the point where I sometimes wished no one was there that was kind and humane enough to stop them and they had actually killed me to not have to experience such pain and mental anguish. During this litigation and proceedings it will be proven that I, with my character references, have been a very positive loving and ambitious person the majority of my life; the defendant's and their combined hate crimes, defamation and civil rights violations need to be addressed in order for this county, state and nation to maintain a reputation as a reasonably civil place.

## 10. Factual Exhibits

Exhibits 1-3, being photos of the injuries caused to my body by the assailant's/Defendants Anthony A. Vabalaitus and Nickolas A. Phillips; can be observed together with my (Plaintiff's) uninjured hands (Exhibit 4) and unbroken

13

eye glasses (Exhibit 5) to prove that the deputy allowed the assailants to include statements in the official Criminal Complaint filed against Mr. Phillips (Exhibit 6), that are not truthful.       As photo Exhibit 5 illustrates, Plaintiff's glasses were undamaged in the incident indicating my glasses were knocked off my face before my nose was broken and my eye was cut; I most likely was first hit from behind by Anthony A. Vabalaitus while facing Nickolas A. Phillips.  A photo of the Plaintiff's hands (Exhibit 4), taken shortly after I was released from the emergency room shows no markings or wounds indicating I did not strike anyone nor was I able to use my hands to attempt to block their punches or defend myself against the assailants as they were hitting me when I was unconscious. Exhibit 3 is a photo of the back of my head, since it is a natural reflex of every human to try and use their hands and arms to block someone's fists when they are being attacked, this rear head injury, inflicted from behind was likely what knocked me unconscious and unable to defend myself during their assault.

Exhibit 7 is the Sawyer County Record, Court Report section write up of the February 26th, 2022 incident in the April 6th, 2022 edition of their news paper.

Exhibit 8 is the complaint I wrote describing the incident expressing my beliefs about what had occurred before and after my violence induced unconsciousness to the best of my ability.

Exhibit 9 emails from the Assistant DA expressing the Sawyer County Sheriff's Department's unwillingness to release the phone number of the person(s) who called 911 from the Seeley Sawmill Saloon at some time before 9:49 pm on February 26th, 2022 to protect the assailant defendants from their lies.

Exhibit 10 is a copy of an Internet web page published by Ballotpedia of the results of the 2018 Wisconsin 7th District Congressional Representative election listing me Plaintiff Ken Driessen as a candidate who was on the ballot that year.

Exhibit 11 is a copy of Plaintiff Ken Driessen's Veterans For Peace membership card and a copy of his DD214 paper can also be provided as proof I was for a short while a member if the United States Armed forces.

Exhibit 12 is a copy of an unanswered correspondence sent to the Sawyer County Sheriff's Department seeking remedy within the County.

Exhibit 13 is a copy of a letter from the Wisconsin Department of Justice stating that they could not help with a claim of county sheriff's office corruption showing that Plaintiff Driessen did seek and found no administrative remedy.

## Causes of Action

11. Claim/Count 1:  The photos, Exhibits 1-5,  are proof that I was unable to use my hands and arms to defend myself after I was knocked unconscious from behind

by Anthony Vabalaitus while Nickolas Phillips blocked my way from avoiding

their aggression the evening of February 26th, 2022 inside a crowded restaurant

saloon business place. I intend to prove that Defendant Anthony Vabalaitus did in

fact strike me, Plaintiff Ken Driessen, from behind knocking me unconscious and

Defendant's Vabalaitus and Phillips did continue to strike me Plaintiff Driessen

while I was unconscious. Besides the weeks of severe physical pain and suffering

from the injuries, I feel on going problems with my ability to concentrate, I also

most likely have PTSD from the physical damage to my body as well as the

Sheriff's office siding with the assailants perpetrating what is no less than a hate

crime. The assailant Defendant's physical assault deprived me of my 1st

Amendment right to freedom of speech by injuring me to the point that I was and

am increasingly physically and mentally disabled from taking part in many

activities I used to participate in, including gathering signatures to obtain ballot

access. The Assailant Defendant's relationship with the Sawyer County Sheriff's

department resulted in local government sanctioning the hate crime and beating of

this Plaintiff which violates my 8th Amendment right to be free from cruel and

unusual punishment.

12. Claim/Count 2:

The assailant's Anthony Vabalaitus and Nickolas Phillips stating, in an official law

enforcement record, with the approval of the deputy reporting the incident, that I

1

2

3

4

5

6

7

attacked a perceived 'disabled veteran' of the US military is not true and defames

(§ 4101 Defamation) me to the point that they violated my 1st Amendment right to

free speech.  The Deputy ignoring facts and being biased and prejudiced in their

investigation and report, favoring the assailants false statements, violated my 14th

Amendment right to "equal protection of the laws".

8   13. Claim/Count 3:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The investigating Sawyer County Sheriff's Deputy, Amber O'Shea Dorn

(A.O.D.), wrote an incident report that favors the assailant's to the point that when

photo evidence is considered and neutral witnesses are brought forward; amounts

to false swearing under state and federal criminal statutes and code and a violation

of my US Constitution 14th Amendment right to equal protection of the laws. When

all the evidence is presented it will become factual, clear convincing proof that the

Deputy filed a false police report favoring the criminally charged Defendant

Nickolas Phillips and the co-conspirator Anthony Vabalaitus who was not

criminally charged after striking me from behind causing me to be knocked

unconscious and continued to hit me and injure me.  It is factual that the second

officer on the scene did not object to or attempt to correct A.O.D.'s defamatory

report, neither did any supervisors, nor the Sawyer County Sheriff. The Sheriff's

dispatch 911 operators and/or their supervisors did refuse to release the phone

number and name, of the person who made the 911 call, to the Assistant Sawyer

County District Attorney; therefore the policy of protecting one of the assailants from prosecution and filing weak flimsy charges based on the assailant Defendant's own words claiming their self defense; is the official policy of the Sawyer County Sheriff's Department and not just a single rouge deputy. Since the named and unnamed Sheriff's Department employees acted in the manner described within this complaint, along with their relationship with the assailant Defendants, sanctioning a violent crime, the February 26th, 2022 assault of myself, Plaintiff Driessen, amounts to extra-judiciary physical violent punishment, is a gross purposeful violation not only of my 1st and 14th Amendment rights but, also my 8th Amendment right to be free from the infliction of cruel and unusual punishment.

14. Claim/Count 4: The Sawyer County Record, being a local newspaper in Hayward Wisconsin, within Sawyer County Wisconsin, did defame my character and print a false narrative in the 'Circuit Court' section of their April 6th, 2022 edition, they defamed my character under 28 U.S. Code § 4101 Defamation, as well as applicable state statutes concerning libel and slander, See Exhibit 7.

15. Claim/Count 5: Unnamed employees of the Seeley Sawmill Saloon did act in a negligent manner concerning the brutal assault of myself, Plaintiff Kenneth L. Driessen, by not having adequate well trained security staff employed during an international event the size of the Birkebeiner Ski Race at their very popular

18

establishment. The Seeley Sawmill Saloon staff acted negligent not assisting myself, Plaintiff Driessen in getting a ride to the emergency room when they knew I was knocked unconscious and still in a state of shock when I refused to get in the ambulance.   The Seeley Sawmill establishment was also negligent by claiming there is or was no surveillance video of the assault when several persons did admit that they do have a video surveillance system on the premises.  The Seeley Sawmill establishment was negligent by not divulging neutral witnesses to the assault to help this Plaintiff further document the truth as to the fact that two fully grown younger adult males both weighing more than myself, just about killed me for no good reason in the later evening hours of February 26th, 2022 within their establishment.

## **Witnesses**

16. What is alleged in this complaint is backed by factual evidence, supported by review of the photos and documents related to the physical assault and subsequent character assassination of this Plaintiff by the defendants; that A.O.D. did file a false police report willfully and purposefully allowing the Assailant/Defendants to purger themselves, obstructing justice under Wis § 946.41 note: "The statute criminalizes all false statements knowingly made and with intent to mislead the police. The state should have sound reasons for believing that a defendant knowingly made false statements with intent to mislead the police and

not out of a good-faith attempt to defend against accusations of a crime." The Deputy and the Sheriff's department obviously choose to report the assailant's false statements and to not to charge Mr. Vabalaitus when both assailant's choose to flea the scene instead of stay there to report their accusations against this Plaintiff.   The unnamed witness's statements will tend to corroborate the fallacies in the police report, allegations already documented in the exhibited photos and documents within this complaint. Law enforcement personell, Sheriff's Deputies, have a lot of authority and also brother and sisterhood, something this Plaintiff is well aware of, to the point I still fear for my life even after moving out of the state in order to feel safer in order to file this civil suit. Therefore I will not release the names of the witnesses to the Defendants nor their counsel at this time due to fear the witnesses may be intimidated or abused by the assailants or law enforcement agents for testifying against two violent criminals and one or more of their own. We know that the notion of an unlawful brotherhood arrangement exists in relationship to this case because of the Sawyer County Sheriff's dispatch refusing to supply information to the Sawyer County Assistant District Attorney concerning the identity and phone number of the person who called 911, the caller certainly witnessed at least part of the assault and battery of the Plaintiff.  See Exhibit 9.

17. I can only hope the U.S. District Court for the Western District of Wisconsin recognizes that witness intimidation by several of the Defendants is a

real possibility. It would be absoute corruption of justice if the persons I eventually intend to subpeona were to be harrased by the police or the assailant/defendants. It is my hope that the Court would realize that John and Jane Doe anonymous designations are needed to protect the safety of witnesses which I believe are independent enough from both parties to express the truth in the horrendus violent events of February 26th, 2022.  Up until if and when there would be a jury trial, I ask that when I divulge the names of the witnesses to the Court, the Court not divulge the names or addresses of any persons supplying witness depositions as to the February 26th, 2022 incident, which may support my complaint to the Defendants or their counsel.

## Prayer for Relief

### Compensatory relief

18. Those in the Sawyer County community involved in defaming my charter and supporting the assailants had their chance to act civilly yet they chose support the perpetrators of a violent hate crime and to mentally and emotionally torture me after I was physically beaten by two people to the point of sustaining life threatening injuries. The community is quite conservative and I have expressed liberal progressive ideas and doing so is within my rights in a civil society and those rights were violated in a violent defamatory fashion.

21

19. The assault and the character assassination has caused me not to be able to work or partake in activities I use to.   As a result of the violent assault and defamatory actions of the Defendants, I have lost much of my individual right to self determination, to continue to work and make progress on long term ambitions and goals I have put many years of time and effort into, they were crushed and destroyed along with my body being left in pain with broken teeth and my mind still finding it hard to concentrate. What is it worth to be prevented from running for political office and achieving ballot access like I did in 2018 to get my Independent, Direct Participatory Democracy ideas publicized? What is it worth to be suffering in bed with broken ribs and head injuries when I could have been spending time and effort on several alternative energy and transportation device designs I have steadily worked on for much of my adult life?  What is the worth to have lost momentum after I successfully got on the ballot for Wisconsin 7th District Representative and been recognized to have started what news media labeled a 'political party' being Independent, Direct Participatory Democracy? How much would a person ask for if they suffered the bodily injuries and to have been knocked unconscious for several minutes? How much mind clarity and ability to concentrate has been diminished?  By the way, other similar intentional physical injury and defamation civil court complaints have been compensated in the million

to several million dollar figure range, so such an award to this Plaintiff would be within reason.

20. The physical, emotional and character assassination, damage done to me, makes me feel unsafe in the Hayward Sawyer County community I grew up in.  So what is it worth to be forced out of the community to never return because with or without winning a lawsuit and compensation I will never feel free, safe or welcome to live in Sawyer County again?

21. What would a jury think when they see the evidence of the beating I took by people that would keep hitting another person while he is unconscious and unable to defend themselves and law enforcement and the local News Paper siding with the attackers, the Plaintiff being the victim of a law enforcement sanctioned assassination attempt?

22. WHEREFORE, Plaintiff Kenneth Leroy Driessen prays for a compensatory judgment as follows:

a) An award of compensatory damages against Defendants Anthony A. Vabalaitis, Nickolas A. Phillips, Sawyer County Sheriff's Department, Sawyer County Record, Seeley Sawmill Saloon in an amount(s) to be determined at trial;

b) An award of punitive damages against Defendants Anthony A. Vabalaitis, Nickolas A. Phillips, Sawyer County Sheriff's Department, Sawyer County Record, Seeley Sawmill Saloon in an amount(s) to be determined at trial;

c) An award of Plaintiff's costs and also reasonable attorneys' fees if he can find

an attorney to take his case in this action pursuant to 42 U.S.C. §§ 1983 and 1988

### Prayer For Injunctive Relief

23. WHEREFORE, Plaintiff does also respectfully pray for a judgment against

Defendants for:

Injunctive relief in the form of Court ordering the defendants to produce the

following items of discovery including:

i. Defendant(s) Sawyer County Sheriff's Department supply the Plaintiff with

the phone number of the 911 caller(s) so they may find the person(s)'s name

and chose to subpoena them as witnesses to the incident.

ii. Defendant(s) Sawyer County Sheriff's Department supply records verifying

what sort of relationship has been established between their Department and

Defendant's AAV and NAP, including prior in person or electronic

communications or fund raising and public relations activities; including

prior informant status, witness status or relationships with any other any

fraternal law enforcement organization that would be evidence of favoritism

towards them.

iii. Any body cam' law enforcement camera images relating to the February

26th, 2022 assault incident and investigation including all visual and audio

recordings be made available to the Plaintiff as discovery.

iv. Defendant(s) Sawyer County Sheriff's Department supply notes to the Plaintiff taken in preparation for writing the criminal complaint against Defendant Nickolas A. Phillips. Any recordings of the phone calls the Deputy stated were made to the Assailant/defendants.

v. Prevent A.O.D. or any other Sawyer County Sheriff's Department employees from destroying any notes, video and sound recordings pertaining to the investigation of the February 26th 2022 Assault between that date and the filing of Criminal Complaint 2022CF000091 and up unto this very day providing such discovery to the Plaintiff.

vi. Any proof that Sawyer County Sheriff's Department personnel did in fact previously destroy evidence pertaining to the investigation of the February 26th, 2022 assault of Plaintiff Driessen.

vii.     Seeley Sawmill Defendant supply surveillance camera(s) recordings from 9:10 PM through 10 pm February 26th, 2022. Prevent Defendant Seeley Sawmill and employees from erasing or destroying any evidence.

viii.     Although the damage of defamation of character, falsely accusing Plaintiff "KD" of "punching" someone and physically attacking a perceived disabled veteran is already done and this request does not relieve Defendant Sawyer County Record from compensatory and punitive damage responsibility, when and if this case is decided in favor of the Plaintiff; he

does request the said news paper and any of the owner's sister publications that may have printed the defamatory writing described in Exhibit 7; print a correction acceptable to this Plaintiff, in such publications.

## 24. DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all issues in this case which remain unsettled or arbitrated through alternative dispute resolution (ADR), without his approval through any or all mediation recommended by the Court.

## 25. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney:  I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that

1   my failure to keep a current address on file with the Clerk's Office may result in

2   the dismissal of my case.

3

4   Date of signing:

5   Signature of Plaintiff _____   1-17-23

6
7   Printed Name of Plaintiff _Ken Driessen_

8   MICHIGAN NOTARY ACKNOWLEDGMENT (INDIVIDUAL)

9   State of Michigan

10
11  County of _Houghton_

12  The foregoing instrument was acknowledged before me on this

13
14  _17th_ _____ [date] by _January   2023_ [name of person

15  acknowledged].

16  Notary Public Signature: _Teresa Poyhonen_

17
18  Notary Printed Name: _Teresa Poyhonen_

19  Acting in the County of: _Houghton_

20  My Commission Expires: _11-23-29_

21

22

23

24
    TERESA POYHONEN
25  NOTARY PUBLIC - STATE OF MICHIGAN
    COUNTY OF HOUGHTON
26  My Commission Expires November 23 2029
    Acting in the County of _11-23-29_
27                          Houghton

28

27