IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LEROY DRIESSEN,

                      Plaintiff,

  v.

ANTHONY A. VABALAITUS, NICHOLAS A.
PHILLIPS, SAWYER CTY. SHERIFF'S DEP'T,
SAWYER CTY. RECORD, and SEELEY SAWMILL
SALOON,

                      Defendants.

OPINION and ORDER

23-cv-45-jdp

---

Pro se plaintiff Kenneth Leroy Driessen alleges that defendants Anthony A. Vabalaitus and Nicholas A. Phillips assaulted him and that defendant Sawyer County Sheriff's Department inadequately investigated the assault by, among other things, preparing a false police report. Driessen adds that defendant Sawyer County Record libeled him by using the false police report as a basis for a news article suggesting that he assaulted Vabalaitus. Sawyer County Record has moved to dismiss Driessen's Wisconsin-law libel claim, contending that Driessen failed to comply with pre-suit notice requirements and that the judicial proceedings privilege protects its publication of the article. I will grant the motion and dismiss this claim. I will also sua sponte dismiss Driessen's federal claims against Sawyer County Record because they are clearly deficient, and I will remove Sawyer County Record as a defendant.

ALLEGATIONS OF FACT

On February 26, 2022, Vabalaitus and Phillips assaulted Driessen at defendant Seeley Sawmill Saloon, which is a bar. Vabalaitus blindsided Driessen and knocked him unconscious, and Vabalaitus and Phillips continued to strike him as he lay unconscious. The assault broke

Driessen's ribs, teeth, and nose and gave him other injuries. Vabalaitus "may have" hated Driessen for "political reasons," but Driessen does not allege what prompted the assault.

Nondefendants Ryan Schick and Amber O'Shea Dorn, deputies for the Sheriff's Department, investigated the assault and interviewed Driessen. The deputies failed to investigate the assault adequately, manipulated Driessen's words, and downplayed his injuries to protect Vabalaitus and Phillips. Dorn's report, which led to a criminal complaint against Phillips, falsely suggested that Phillips was the only attacker and was defending Vabalaitus. Dorn based the report largely on false statements that she received from Vabalaitus and Phillips over the phone, failing to "seek out statements from neutral witnesses." The Sheriff's Department allegedly refused to release the names of the persons who called 911 to report the assault, though a prosecutor informed Driessen that the women who spoke with the dispatcher failed to identify themselves.

According to Driessen, Sawyer County Record libeled him in an article that appeared in the Court Report section of its April 6, 2022, edition. Sawyer County Record did this "by printing [his] initials and accusing [him] of punching someone and [by] printing accusations of the assailants that will be proven false."

Seeley Sawmill Saloon failed to arrange transportation to the emergency room for Driessen, find neutral witnesses to the assault, and give Driessen video footage of the assault. Vabalaitus and Phillips have a "relationship" with the Sheriff's Department because, at a proceeding in Phillips's criminal case, the judge "gave verbal personal friendly recognition" to Vabalaitus. "The assault and character assassination" allegedly prevented Driessen from running for political office.

PROCEDURAL BACKGROUND

All defendants have answered or moved to dismiss.[1] In its motion to dismiss, Sawyer County Record contends that Driessen alleged only a defamation claim against it and that this claim should be dismissed because: (1) Driessen failed to comply with the pre-suit notice requirements of Wis. Stat. § 895.05(2); and (2) the allegedly defamatory statements are privileged under Wis. Stat. § 895.05(1). *See* Dkt. 9 and Dkt. 10.

Driessen's response is discursive and somewhat unclear. As I understand, Driessen contends that § 895.05(2)'s notice requirement does not apply because Sawyer Record would have denied a retraction demand. Dkt. 24 at 10–11. Driessen also contends that applying this requirement would violate his "federal and state constitutional rights" by precluding an otherwise valid claim. *See id.* at 11–13, 15. From what I can tell, Driessen contends that § 895.05(1) does not apply because: (1) he is alleging several civil rights violations and Sawyer County Record conspired with the other defendants to violate his federal rights; and (2) the article falsely accuses him of punching someone. *See id.* at 2–10. The Sawyer County Record replied. Dkt. 28.

ANALYSIS

Driessen's claims are scattered throughout the complaint. Driessen alleges that all defendants defamed him and violated his "freedom of speech" and right to "equal justice." Driessen further alleges that Vabalaitus and Phillips violated the First Amendment because the assault stopped him from participating in activities that he used to participate in, including

---

[1] Seeley Sawmill Saloon's motion to dismiss is not ripe.

3

politics. Driessen contends that Vabalaitus's and Phillips's alleged relationship with the Sheriff's Department violated his right to be free from cruel and unusual punishment. Driessen maintains that the Sherriff's Department's falsification of the police report constitutes defamation under federal law, violates equal protection by favoring Vabalaitus and Phillips, and violates federal and Wisconsin criminal laws. Driessen alleges more violations of the First, Eighth, and Fourteenth Amendments against the Sherriff's Department, though it is unclear on what theory he bases these claims. Driessen contends that Seely Sawmill Saloon was negligent for various reasons. Driessen alleges that Sawyer County Record defamed, libeled, and slandered him in violation of 28 U.S.C. § 4101 and Wisconsin law. Driessen alleges conspiracy claim under 42 U.S.C. § 1985(3), apparently based on allegation that the assault and "character assassination" interfered with his political ambitions.

**A. Pre-suit notice**

Before bringing a civil action for libel, § 895.05(2) requires the plaintiff to give the newspaper responsible for the libelous statement a reasonable opportunity to correct the statement through proper notice of the libel. *See Milsap v. Stanford*, 139 F.3d 902, *1 (7th Cir. 1998); *Ladd v. Uecker*, 2010 WI App 28, ¶ 17 (stating that the "written notice" under § 895.05(2) must give the defendant "a reasonable opportunity to correct the libelous matter"). Specifically, the "notice must (1) be in writing; (2) be directed to those alleged to be responsible or liable; (3) specify the article and statements therein which are claimed to be false and defamatory; (4) contain a statement of what are claimed to be the true facts, and (5) be given before any civil action is commenced." *Milsap*, 139 F.3d 902, *1. If the plaintiff fails to "satisfy the conditions precedent to commencing an action" under § 895.05(2), the court must dismiss the claim "with prejudice." *See DeBraska v. Quad Graphics, Inc.*, 2009 WI App 23, ¶ 2.

4

Driessen varyingly refers to his Wisconsin-law claim against the Sawyer County Record as libel, defamation, and slander. Because Driessen bases this claim on only a newspaper article, I will refer to it as libel. *Cf. Freer v. M & I Marshall & Ilsley Corp.*, 2004 WI App 201, ¶ 9 ("Slander . . . is distinguished from libel because, unlike libel, where the defamation is written, slander is oral.").

Driessen's allegations indicate that he failed to give Sawyer County Record an opportunity to correct the allegedly libelous statements, *see* Dkt. 1 at 25–26, and Driessen does not dispute Sawyer County Record's contention that he failed to do this, *see* Dkt. 24 at 13 (Driessen's admitting that he "did . . . not bother to ask for a correction").

Driessen contends that § 895.05(2) does not apply because Sawyer County Record would have denied a retraction demand. I have found no cases suggesting that a futility exception exists for this mandatory precondition to bringing a libel claim against a newspaper. In any event, Driessen only surmises that Sawyer County Record would have refused his demands. *See* Dkt. 24 at 10–11. The mere fact that Sawyer County Record disputes the viability of the libel claim in this lawsuit does not mean that a pre-suit retraction demand would have failed. *Cf. Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try." (emphasis in original)). Driessen also contends that applying § 895.05(2) would violate his "federal and state constitutional rights" because it would preclude an otherwise valid claim. *See* Dkt. 24 at 11–13, 15. Complying with "Wisconsin's notice of claim requirements may have delayed this lawsuit," but "that is not a violation of [Driessen's constitutional] rights; it is simply the necessary consequence of [Driessen's] choice to bring [a] state law claim[] that [is] subject to

5

state notice of claim requirements." *Cf. Brown v. State of Wisconsin*, No. 16-cv-346-bbc, 2017 WL 371915, at *15 (W.D. Wis. Jan. 25, 2017).

Because Driessen failed to comply with § 895.05(2), I will dismiss his Wisconsin-law libel claim against Sawyer County Record with prejudice.

## B. Judicial proceedings privilege

Newspapers "are absolutely privileged when they publish true and fair reports of judicial, police, and other government proceedings." *Fin. Fiduciaries, LLC v. Gannett Co.*, No. 19-cv-874-slc, 2020 WL 12582894, at *8 (W.D. Wis. June 1, 2020); Wis. Stat. § 895.05(1). For the privilege to apply, the newspaper must describe allegations in judicial pleadings as allegations, not facts. *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 666 (7th Cir. 2022). "[W]here the published material is central to a plaintiff's allegations, courts routinely look outside the four corners of the complaint to view the entire publication." *Id.* at 664; *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider matters of public record and documents attached to the complaint that are central to its allegations when ruling on a motion to dismiss).

The article appeared in the Circuit Court section of Sawyer County Record. It stated that Phillips was 41 years old and charged with felony battery and disorderly conduct. Dkt. 11-1 at 2. The article also stated that the deputies responded to the Sawmill Saloon in Seeley "for a report" that a 65-year-old punched another 65-year-old. According to the article, the "man who was punched" told a deputy that a 53-year-old named "Tony" (i.e., Vabalaitus) hated him and decided to beat him up with Phillips. The article described the victim's injuries. *Id.* The article also stated that Phillips "told" a deputy that "KD" (i.e., Driessen) was harassing

and shoved Tony, an amputee, causing him to lose balance. Phillips "said" that he then punched KD. *Id.*

Similarly, the criminal complaint states that Dorn and Schick were dispatched to the Sawmill Saloon based on a report that a man "had gotten punched in the face." Dkt. 1-2 at 1. The criminal complaint further states that, when the deputies arrived, they encountered an injured 65-year-old named "KD." *Id.* KD allegedly told Dorn that Tony hated him and that Tony and Phillips beat him up. *Id.* at 2. According to the criminal complaint, Tony was 52 and Phillips was 41 at the time of the assault. *See id.* Dorn later called Phillips, the criminal complaint continues, who told her that he punched KD after KD harassed and shoved Tony. *See id.* at 2–3. Phillips was charged with battery and disorderly conduct based on the incident. *Id.* at 1–3.

The article in Sawyer County Record merely describes the allegations in the criminal complaint. Both sources state that: (1) the deputies went to the bar for a report that KD was punched; (2) KD told the deputies that Tony hated him and that Tony and Phillips decided to beat him up; (3) KD was injured; and (4) Phillips told Dorn that he punched KD after KD allegedly harassed and showed Tony. It is true that the article incorrectly states that a 65-year-old punched KD and that Tony was 53 when the incident occurred (he was 52 according to the criminal complaint). But these errors are typographical in nature; the sources are materially the same. The article simply summarizes the allegations from the criminal complaint and does not state or indicate that KD assaulted Tony. The article makes clear that Phillips "told" Dorn that KD was harassing and shoved Tony, which is what the criminal complaint states. Driessen's contention that the article falsely states that he punched someone is not supported.

Driessen contends that § 895.05(1) does not apply because he is alleging several civil rights violations and Sawyer County Record conspired with the other defendants to violate his federal rights. Driessen alleges that all the defendants defamed him and violated his "freedom of speech" and right to "equal justice." Driessen also suggests that Sawyer County Record defamed him under 28 U.S.C. § 4101 and conspired with the state defendants in violation 42 U.S.C. § 1985(3). These contentions are irrelevant because Sawyer County Record moves to dismiss his libel claim. Even if Sawyer County Record violated Driessen's federal rights, that would not prevent it from moving to dismiss the Wisconsin-law libel claim under § 895.01(1).

In any case, I will dismiss Driessen's federal claims against the Sawyer County Record on my own because they are clearly deficient. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously . . . ."). Sawyer County Record believes that Driessen alleged only a libel claim against it. *See* Dkt. 10 at 2 n.3 (stating that Driessen "alleges his Constitutional rights were violated by the other defendants"). Even so, Sawyer County Record contended that Driessen's federal-law defamation and conspiracy claims were not viable. *See id.*; *see also* Dkt. 28 at 3–4.

The salient flaw with Driessen's federal claims is that Sawyer County Record is not a state actor under 42 U.S.C. § 1983. *See Rogers v. Relitz*, No. 22-cv-730-wmc, 2023 WL 2784878, at *2 (W.D. Wis. Apr. 5, 2023) ("There is a governmental action requirement for civil actions asserting constitutional violations."); *Henderson v. Morris*, No. 06-C-0407-C, 2006 WL 3328036, at *5 (W.D. Wis. Nov. 14, 2006) ("Generally speaking, news outlets and publishers are not state actors for the purpose of § 1983."). A private citizen may be liable under § 1983 if he conspires with a public employee to deprive the plaintiff of her

8

constitutional rights. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). But "[a] complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see also Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998) ("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law . . . .").

At best, there are five allegations of conspiracy in the complaint. The first is that the deputies failed to investigate the assault adequately, manipulated Driessen's words, and downplayed his injuries to protect Vabalaitus and Phillips. *See* Dkt. 1 at 5–6. The second is that the bar's employees conspired with the state to protect Vabalaitus and Phillips. *See id.* at 8–9. The third is that Vabalaitus and Phillips had a "relationship" with the Department because a nondefendant judge gave "personal friendly recognition" to Vabalaitus during a pretrial proceeding in Phillip's criminal case. *Id.* at 10. The fourth is that Dorn called Vabalaitus and Phillips rather than interviewing them in person. *See id.* at 11. The fifth is Driessen's § 1985(3) conspiracy claim. *Id.* at 3. These allegations do not relate to Sawyer County Record and, in any case, are too conclusory to suggest that Sawyer County Record reached a "meeting of the minds" with any state actor to violate Driessen's constitutional rights. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970); *see also Bowman*, 980 F.2d at 1107; *Fries*, 146 F.3d at 458. The allegation of a § 1985(3) violation is also futile because "§ 1985(3) does not reach nonracial political conspiracies" and Driessen fails to allege that "some racial . . . discriminatory animus" motivated the alleged conspiracy to interfere with his political activities. *See Bowman*, 980 F.2d at 1109. In any case, Driessen has not alleged that Sawyer County Record conspired to violate his "right to support candidates in federal

9

elections." *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983). At most, Driessen alleges that Vabalaitus and Phillips were hostile to his "progressive ideas." *See* Dkt. 1 at 21.

Driessen's defamation claim under § 4101 is futile because this statute "deals solely with the enforceability of a foreign judgment"; "there is no federal claim for simple defamation by a private actor." *Slottke v. Wis. Dep't of Workforce Dev.*, 734 F. App'x 354, 355 (7th Cir. 2018).

Because Driessen's federal claims against Sawyer County Record are clearly deficient, I will dismiss these claims well. Consequently, I will remove Sawyer County Record as a defendant.

ORDER

IT IS ORDERED that:

1. Defendant Sawyer County Record's motion to dismiss, Dkt. 9, is GRANTED.

2. Plaintiff Kenneth Leroy Driessen's claims against defendant Sawyer County Record are DISMISSED with prejudice.

3. Sawyer County Record is to be removed as a defendant.

4. The clerk of court is direct to send plaintiff a copy of this order.

Entered April 13, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge