IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LEROY DRIESSEN,

                              Plaintiff,

        v.                                              OPINION and ORDER

ANTHONY A. VABALAITUS, NICHOLAS A.                      23-cv-45-jdp
PHILLIPS, SAWYER CTY. SHERIFF'S DEP'T, and
SEELEY SAWMILL SALOON,

                              Defendants.

---

Pro se plaintiff Kenneth Leroy Driessen alleges that defendants Anthony A. Vabalaitus and Nicholas A. Phillips assaulted him at the Seeley Sawmill Saloon, which Driessen alleges was negligent in several ways. Seeley Sawmill Saloon moves to dismiss because service of process was defective and there is no entity with the name "Seeley Sawmill Saloon." I'll grant the motion in part, but I will allow Driessen to attempt proper service.


BACKGROUND

Seeley Sawmill Saloon moves to dismiss under Rules 12(b)(4) and 12(b)(5). Dkt. 18; Dkt. 19 (brief in support). Seeley Sawmill Saloon supports its motion with the declaration of Andrew Lugner, who works at the bar located at 13505 US Hwy 63, Hayward, WI 54843. Dkt. 20, ¶ 2. Lugner states that no entity by the name of Seeley Sawmill Saloon exists. *Id.* ¶ 4. Lugner states that, on February 18, 2023, a process server handed him Driessen's complaint but no other documents. *Id.* ¶¶ 5–6. On March 1, 2023, bartender John Lawton was handed a summons directed to Seeley Sawmill Saloon, which Lawton gave to Lugner. *Id.* ¶ 7. Lugner says

that he and Lawton are not authorized to accept service on behalf of Seeley Sawmill Saloon because there "is no such entity." *Id.* ¶¶ 4, 8.

ANALYSIS

Seeley Sawmill Saloon contends that service was insufficient because: (1) the summons was not served with the complaint; and (2) Lugner and Lawton are not authorized to accept service on behalf of Seeley Sawmill Saloon because it does not exist. *See* Dkt. 19 at 3. Seeley Sawmill Saloon adds that Driessen fails to state a claim upon which relief may be granted because "there [is] no set of facts under which [Driessen] can recover against a non-existent entity." *Id.* at 4.

A. **Insufficient process**

As relevant here, a motion to dismiss under Rule 12(b)(4) tests whether the plaintiff has "nam[e]d the proper defendant." *See Knox v. Pendergast*, No. 06-C-61, 2007 WL 1413681, at *3 (E.D. Wis. May 11, 2007); *see also Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019). Driessen bears the burden of showing sufficient process under Rule 12(b)(4). *See Luxottica*, 391 F. Supp. 3d at 821.

I take judicial notice of the fact that Seeley Hills Corporation registered with the state of Wisconsin in 1989 and has a principal office at the Hwy 63 address.[1] Driessen's evidence, Dkt. 25, shows that the business at the address uses an online logo that says, "Seeley Sawmill

---

[1] *See* https://wdfi.org/apps/corpSearch/Details.aspx?entityID=S039573&hash=1556278830&searchFunctionID=de965692-6b80-437c-bd7e-5c33bf82d515&type=Simple&q=Seeley+Hills+Corporation; *see also Lor v. Auto Select*, No. 22-cv-672-jdp, 2022 WL 17961385, at *1 (W.D. Wis. Dec. 27, 2022) (taking judicial notice of online records from the Wisconsin Department of Financial Institutions).

Saloon Established 1989 Seeley, WI." The record shows that Seeley Hills Corporation does business as Seeley Sawmill Saloon and that Driessen simply misnamed the proper defendant, Seeley Hills Corporation.

Driessen has shown that process was sufficient under Rule 12(b)(4). *See Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶ 35 (stating that, if an amendment to the complaint and summons would only correct the defendant's name and would not bring a new party into the action, a motion to dismiss for insufficient process should be denied); *cf. Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 702 (7th Cir. 2022) (noting that, under Wisconsin law, "the name under which a . . . corporation does business [may be] simply another way to refer to a single legal entity").

## B.  Insufficient service of process

"A Rule 12(b)(5) motion to dismiss tests the sufficiency of service of process." *Knox*, 2007 WL 1413681, at *2; *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "When a defendant challenges the sufficiency of service of process, the plaintiff must make a *prima facie* showing of proper service, which allows the court to assert personal jurisdiction over the defendant." *Id.*; *see also Cardenas*, 646 F.3d at 1005 ("The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service.").

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Rule 4(c)(1) requires "simultaneous service of the summons and complaint." *See C.K. v. Bell Cty. Bd. of Educ.*, No. CV 11-296-ART, 2012 WL 13180793, at *1 (E.D. Ky. May 21, 2012); *see also Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *2 (W.D. Wash. Apr. 17, 2015).

Because Seeley Sawmill Saloon is a corporation, Federal Rule of Civil Procedure 4(h) governs service of process. As relevant here, Rule 4(h) provides that service of process on a corporation may be achieved by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; or (2) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1); *see also Ferguson v. Nissen Staffing Continuum, Inc.*, No. 17-cv-198-pp, 2018 WL 1513034, at *6 (E.D. Wis. Mar. 27, 2018).

As relevant here, under Wisconsin law, a corporation may be served by personally serving the summons [and complaint] upon an officer, director or managing agent of the corporation." *See* Wis. Stat. § 801.11(5)(a); *see also Sacotte v. Ideal-Werk Krug & Priester Machinen-Fabrik*, 121 Wis. 2d 401, 404–05 (1984); *Ernst v. Narlock*, 2012 WI App 118, ¶ 10.

"In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the *person who is apparently in charge of the office*." Wis. Stat. § 801.11(5)(a) (emphasis added). For this "alternative service option" to apply, the process server must: (1) present the summons and complaint at a location that is objectively the office of the officer, director, or managing agent; and (2) have a subjectively reasonable belief that "the person presented with the summons and complaint was the person who [was] apparently in charge of the office." *See Bar Code Res., a Div. of Allen Mgmt., Inc. v. Ameritech Info. Sys., Inc.*, 229 Wis. 2d 287, 292 (Ct. App. 1999).

4

Driessen does not dispute that the summons was served 11 days after the complaint. So service of process was deficient because the summons was not served with a copy of the complaint as required under Fed. R. Civ. P. 4(c)(1).

Because service was not proper for this reason, I need not decide whether Lugner and Lawton were authorized to accept service. But I will deny Seeley Sawmill Saloon's request for dismissal under Rule 12(b)(6) because, for reasons explained above, there is a business that does business under the name Seeley Sawmill Saloon.

I will quash the previous attempted service rather than dismissing Seeley Sawmill Saloon because "it appears that effective service can be made and there is no unfair prejudice to [Seeley Sawmill Saloon]." *See Dillard*, 2015 WL 1782083, at *3; *see also Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."); *Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 518 (E.D. Wis. 2007).

I will direct the clerk of court to amend the caption on the docket to replace Seeley Sawmill Saloon with Seeley Hills Corporation d/b/a Seeley Sawmill Saloon. Driessen should prepare and present to the court a summons with this new name. Driessen need not file an amended complaint to name Seeley Hills Corporation as a defendant. Instead, I will constructively amend the complaint to reflect that Seeley Sawmill Saloon is Seeley Hills Corporation. I will also order Seeley Hills Corporation to file the disclosure statement required under Rule 7.1.

The 90-day time limit for service on Seeley Hills Corporation has expired under Federal Rule of Civil Procedure 4(m). But Driessen is proceeding pro se, and Seeley Hills Corporation has actual notice of the lawsuit and would not be unfairly prejudiced by an extension to this

deadline. So I will give Driessen 30 days from the date of this order to serve Seeley Hills Corporation. *Cf. Bahena v. Jefferson Cap. Sys., LLC*, No. 17-cv-461-jdp, 2018 WL 2464485, at *4 (W.D. Wis. June 1, 2018). Driessen's attention is drawn to the requirements for service discussed in this order, as well as those in Rule 4, including the requirement to file "proof of service" through the "server's affidavit." *See* Fed. R. Civ. P. 4(l)(1).

## ORDER

IT IS ORDERED that:

1. Seeley Sawmill Saloon's motion to dismiss, Dkt. 18, is GRANTED in part and DENIED in part.

2. Service of process on Seeley Sawmill Saloon is QUASHED.

3. Driessen may have until June 22, 2023, to serve process on Seeley Hills Corporation.

4. Seeley Sawmill Saloon is to be recaptioned as Seeley Hills Corporation d/b/a Seeley Sawmill Saloon.

5. The complaint, Dkt. 1, is constructively amended to reflect that Seeley Sawmill Saloon is Seeley Hills Corporation.

6. Seeley Hills Corporation must file a disclosure statement by June 2, 2023.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge