IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LEROY DRIESSEN,

                       Plaintiff,

   v.                                                 ORDER

ANTHONY A. VABALAITUS, NICHOLAS A.
PHILLIPS, SAWYER CTY. SHERIFF'S DEP'T, and        23-cv-45-jdp
SEELEY SAWMILL SALOON,

                       Defendants.

---

Defendant Sawyer County Sheriff's Department has filed a motion to compel, Dkt. 64, which the court will grant in part and deny in part.

On November 28, 2023, the Sheriff's Department served its first set of requests for production and first set of interrogatories on Driessen. Dkt. 66-1. On January 25, 2024, Driessen emailed counsel for the Sheriff's Department, stating that he was releasing just one record related to his claims. Dkt. 66-2 at 1. Driessen explained that, while he planned to fully answer the Sheriff Department's discovery requests, he was "in no big hurry" to take that step because: (1) the court denied his previous discovery motions; and (2) this judicial officer stated publicly that I plan to retire later this year. *See id.* About a week later, counsel and Driessen conferred by telephone, and counsel told him that he needed his discovery responses by January 15, 2024, and would file a motion to compel if Driessen didn't provide them by then. Dkt. 66 ¶ 6. According to counsel, Driessen stated that he was working on his responses but couldn't provide them by then. *Id.* ¶¶ 7–8. Counsel moved to compel on that date.

Federal Rule of Civil Procedure 33(b)(2) states that a party "must serve its answers and any  objections within 30 days after being served with the interrogatories." Likewise, Federal

Rule of Civil Procedure 34(b)(2)(A) requires a party to "respond [to requests for production] in writing within 30 days after being served." The parties may extend these deadlines by stipulation.

In essence, the Sheriff's Department stipulated that Driessen had until January 15, 2024, to respond to its discovery requests. But the Sheriff's Department contends, and the record indicates, that Driessen made no earnest effort to respond to its discovery requests. *See* Dkt. 71 (and attachments); Dkt. 74 at 1. Driessen's lack of effort is hardly surprising given his announced plan to delay providing complete discovery responses until this judicial officer retires in the faint hope that a future judge will render more favorable rulings. This plan is both futile and unacceptable. Futile because after retiring, I am remaining on the bench on "recall status" and I will continue to oversee discovery in this case through its conclusion. Unacceptable because a litigant cannot flout his court-ordered discovery obligations in a civil lawsuit in a cynical attempt to obtain a tactical advantage. Plaintiff is put on notice: any future obstructive acts shall result in sanctions, which could include dismissal of the case.

Driessen contends that the Sheriff's Department's discovery requests are improper for several reasons. Dkt. 71. I have reviewed the discovery requests and, with a few exceptions, find them to be relevant to its potential defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Driessen's excessively long and unfocused arguments do not show otherwise.

That said, two of the Sheriff's Department's requests for production are problematic: Request No. 7 seeks: "Any logs, journals, or other documents authorized by Plaintiff that discuss the incident at issue, Plaintiff's injuries, if any, or any other information pertaining to the lawsuit at issue." Dkt. 66-1 at 5. Because his request is overbroad and seems to overlap

with some of the Sheriff's Department's other requests for production, Driessen doesn't have to respond to it. Request No. 11 seeks: "An archive of all data contained within Plaintiff's Facebook account(s), produced in its native format." *Id.* at 6. This request is overbroad and appears to be redundant with request No. 8, which seeks relevant information from Driessen's social media accounts. *See id.* at 5. Driessen doesn't have to respond to request No. 8.

The Sheriff's Department seeks the names, addresses, and telephone numbers of any medical or mental health providers from whom Driessen has obtained treatment in the past eight years. *Id.* at 11. Presumably, this request is calculated to produce medical or mental health records relevant to determine the cause of Driessen's alleged physical and mental injuries. But Driessen has privacy interests in his medical and mental health records, and it's unclear why the Sheriff's Department needs records from that long ago. Balancing the relevance of this information with Driessen's privacy interests, the court will limit this request to the names, addresses, and telephone numbers of any medical or mental health providers from whom Driessen has obtained treatment in the two-year period immediately preceding the underlying assault. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."); *Coleman v. City of Chicago*, No. 1:17-cv-08696, 2019 WL 7049918, at *6 (N.D. Ill. Dec. 23, 2019) (limiting scope of mental health records to two years prior to date of alleged injury).

In sum, the Sheriff's Department's motion to compel is granted in part and denied in part. Driessen must, except as specified above, provide the Sheriff's Department with complete responses to its discovery requests by February 23, 2024. Driessen's attention is drawn to Rules 33 and 34, which contain information on how to properly respond to interrogatories and

requests for production. If Driessen fails to provide the Sheriff's Department with complete responses to the discovery requests at issue, the court may issue sanctions. The court will set a new dispositive motions deadline of March 11, 2024.

ORDER

IT IS ORDERED that:

1. The Sheriff Department's motion to compel and adjourn the dispositive motions deadline, Dkt. 64, is GRANTED in part and DENIED in part.

2. Plaintiff must, except as specified in this order, provide the Sheriff's Department with complete responses to its interrogatories and requests for production by February 23, 2024.

3. Plaintiff is cautioned that the failure to comply with this order may result in sanctions.

4. The court LIFTS the stay on the dispositive motions deadline and SETS a new deadline of March 11, 2024.

Entered February 9, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge