IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LEROY DRIESSEN,

                Plaintiff,

v.

ANTHONY A. VABALAITUS, NICHOLAS A.
PHILLIPS, SAWYER CTY. SHERIFF'S DEP'T, and
SEELEY HILLS CORPORATION,

                Defendants.

ORDER

23-cv-45-jdp

---

Plaintiff Kenneth Leroy Driessen, proceeding without counsel, alleges that defendants Anthony A. Vabalaitus and Nicholas A. Phillips assaulted him, and that defendant Sawyer County Sheriff's Department did not properly investigate the assault. Dkt. 1.

Discovery has not gone smoothly, and most of the blame belongs to Driessen. The court granted the Sheriff's Department's motion to compel, but Driessen still did not comply, despite warnings from the court that he would face further sanctions. Now the Sheriff's Department moves to dismiss Driessen's claims against it. Dkt. 80. Enough is enough. Not only will I grant the Sheriff's Department's motion to dismiss, I will dismiss the entire case as a sanction for Driessen's failure to comply with a court order and his bad-faith litigation tactics.

BACKGROUND

In late November 2023, the Sheriff's Department served its first set of requests for production and interrogatories. Dkt. 66-1. More than a month later, Driessen emailed counsel for the Sheriff's Department, stating that he was releasing just one record related to his claims. Dkt. 66-2 at 1. Driessen explained that, although he planned to fully answer the Sheriff

Department's discovery requests, he was "in no big hurry" to take that step because: (1) the magistrate judge then assigned to the case denied his previous discovery motions; and (2) the magistrate judge stated publicly that he planned to retire later that year. *See id.* About a week later, counsel told Driessen that he would move to compel if Driessen didn't provide the discovery responses by January 15, 2024. Dkt. 66 ¶ 6. Counsel moved to compel on that date.

The court granted the motion in most respects.[1] Dkt. 77. The court found that Driessen had made no earnest effort to respond to the Sheriff's Department's discovery requests. The court reasoned that Driessen's "announced plan to delay providing complete discovery responses until [the magistrate judge's retirement] in the faint hope that a future judge [would] render more favorable rulings" was "[u]nacceptable because a litigant [could not] flout his court-ordered discovery obligations . . . in a cynical attempt to gain a tactical advantage." *Id.* at 2. Driessen was cautioned that "any future obstructive acts [would] result in sanctions, which could include dismissal of the case." *Id.* The court ordered Driessen to provide complete responses to the Sheriff's Department's discovery requests by February 23, 2024.

On February 23, 2024, Driessen filed a "Second Response to [the] Sheriff's Department['s] Motion to Compel Discovery", Dkt. 78, which the court struck in a text-only order for two reasons, Dkt. 79. First, there was no basis to file a response to the motion to compel itself because the court had already ruled on it. Second, Driessen tried to respond to some of the Sheriff's Department's discovery requests in his second discovery response. But a

---

[1] The court denied the motion concerning a few discovery requests. The court spared Driessen from responding to Requests Nos. 7 and 11, determining that they were overbroad and otherwise problematic. Dkt. 77 at 2–3. The court also limited the Sheriff's Department's requests for medical and mental health information to contact information for "any medical or mental health providers from whom Driessen [had] obtained treatment in the two-year period immediately preceding the underlying assault." *Id*. at 3.

party is not to file discovery material with the court except to support a discovery-related motion or similar litigation purpose.

Three days later, Driessen emailed counsel and stated that he had mistakenly filed his second discovery response with the court, but noted that the document was available on the docket and asked counsel to agree that he had received it. Dkt. 82-1. Counsel confirmed receipt of the second discovery response. But counsel told Driessen that the response did not comply with the court's order to provide complete responses. *Id.*

The Sheriff's Department's moves to dismiss as a sanction for Driessen's failure to comply with the court's discovery order. Dkt. 81. Driessen's brief in opposition contends, among other things, that he didn't comply with the court's order in part because he hadn't read the written opinion. Dkt. 99. The Sheriff's Department contends in reply that he's lying. Dkt. 101.

ANALYSIS

If a party fails to comply with a court order to provide discovery, the court may dismiss the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–76 (7th Cir. 2016). For purposes of this rule, an incomplete "disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); *Ramirez*, 845 F.3d at 775–76. To dismiss this case as a discovery sanction, I must determine that Driessen's "actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *see also Ramirez*, 845 F.3d at 776.

"A district court may [also] impose sanctions under its inherent authority where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery*

*v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). "The court must first make a finding of bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.* "The appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty." *See id.* at 464, 468. "Dismissal can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

Driessen willfully failed to comply with the court's order to provide complete discovery responses. Except for Requests Nos. 7 and 11 and some medical information, the court determined that the Sheriff's Department's discovery requests were "relevant to its potential defenses and proportional to the needs of the case." Dkt. 77 at 2. Driessen's second discovery response was, as the court noted in striking it, argumentative and only partly responsive to the Sheriff's Department's discovery requests. *See* Dkt. 79. Driessen acknowledges in his brief in opposition that his second discovery response was incomplete. *See, e.g.*, Dkt. 99 at 8 (stating that he has "answered most" of the Sheriff's Department's discovery requests); *id.* at 9 (stating that certain exhibits contain "much" of the requested information); *id.* at 10 (stating that he has "answered many" discovery requests).

Driessen's discovery responses have been deficient in multiple ways. Specifically, he has:

- Made no effort to provide financial information even though he concedes that he's claiming "loss of earning capacity and potential." Dkt. 66-1 at 5; Dkt. 78 at 5–7; *see also* Dkt. 1 at 22 ("The assault . . . has caused me not to be able to work . . . [like] I use[d] to.").

4

- Made, at best, a limited effort to provide copies of any electronic communications that relate to the complaint. Dkt. 66-1 at 5; Dkt. 78 at 8–11; Dkt. 78-3.

- Refused to identify and provide contact information for current and past employers, as well as past medical providers. Dkt. 66-1 at 11; Dkt. 78 at 24–27.

- Refused to identify past addresses or persons, if any, with whom he resided at those addresses. Dkt. 66-1 at 11; Dkt. 78 at 27.

- Made no meaningful effort to describe the speech that the Sheriff's Department allegedly stopped him from engaging in. Dkt. 66-1 at 12; Dkt. 78 at 29–31.

- Refused to identify the portions of an incident report prepared by a Sheriff's Department employee that he alleges are false. Dkt. 66-1 at 12; Dkt. 78 at 34.

The court instructed Driessen that he had to provide complete discovery requests, and litigants who proceed without counsel "do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure." *De Falco v. Oak Lawn Pub. Libr.*, 25 F. App'x 455, 457 (7th Cir. 2001).

Driessen's failure to provide complete discovery responses isn't justified. Driessen contends that some of the discovery requests are improper, but the court already decided this issue in the Sheriff's Department's favor. If Driessen disagreed with that ruling, he should have moved for reconsideration. However, my review of the record indicates that any motion for reconsideration would have been unsuccessful. *See* Dkt. 66-1 at 5, 11–12; *see also* Fed. R. Civ. P. 26(b)(1) (allowing a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the scope of the case, and providing that relevant information need not be admissible to be discoverable). Driessen complains about the Sheriff's Department's discovery responses, but the court denied his motion to compel. Dkt. 60. In any case, the Sheriff's Department's failure to meet its discovery obligations isn't a valid reason for him to disregard his own discovery obligations.

Driessen's misconduct runs deeper. Driessen already tried to obstruct this litigation through his announced plan to delay providing discovery responses until the magistrate judge retired. The court cautioned him that any more obstructive acts could result in dismissal of this case. Despite that warning, Driessen falsely represented in his brief in opposition to the Sheriff's Department's motion to dismiss that he didn't read the written opinion granting the motion to compel until he started preparing that brief. Dkt. 99. But Driessen could not have started preparing that brief until the Sheriff's Department filed its motion on March 5, 2024. Driessen filed his second discovery response on February 23, 2024, and that document shows that Driessen had read the court's opinion. Driessen stated in his second discovery response that the court "did not disallow Request No. 8," an understanding he could have gained only by reading the opinion. Driessen even quoted language from the opinion in his second discovery response. Dkt. 78 at 14 (citing Dkt. 77 at 3).

Driessen's misrepresentation involved an important issue. Driessen wanted this court to believe that he had an excuse for both his initial failure to provide contact information for medical and mental health providers and for his tardy submission of an affidavit attesting that he hasn't recently received mental health treatment. *See id.*; Dkt. 99 at 7–8. Driessen disregarded the court's warning to refrain from further obstructive acts, lying to the court to gain a litigation advantage. Driessen's failure to meet his discovery obligations, coupled with his bad-faith tactics and dishonesty, warrant dismissal of this entire case with prejudice.

IT IS ORDERED that:

1. Defendant Sawyer County Sheriff's Department's motion to dismiss, Dkt. 80, is GRANTED.

2. This case is DISMISSED with prejudice for plaintiff Kenneth Leroy Driessen's failure to comply with a discovery order, and as a sanction for bad-faith litigation conduct.

6

3. All pending motions are DENIED as moot.

4. The clerk is directed to enter judgment.

Entered June 4, 2024.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge